## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

Gary J. Cross and Lugene A. Cross,

Debtors

Chapter 7
Case No. 16-10397

## ORDER VACATING DISCHARGE AND GRANTING RELATED RELIEF

The Court granted the Debtors a discharge under 11 U.S.C. § 727 on October 4, 2016. The Debtors now seek to vacate their discharge so that they can enter into a reaffirmation agreement with Key Bank. *See* [Dkt. No. 18]. The reaffirmation agreement relates to a residential mortgage loan secured by a lien on the Debtors' residence. The Debtors allege that Key Bank's willingness to modify the loan depends on the existence of an enforceable reaffirmation agreement. The Debtors also allege that Key Bank sent a proposed reaffirmation agreement to the Debtors before the discharge entered, but mailed the agreement to an incorrect address.

In light of these allegations, the Court grants the Debtors' motion. The Court has reservations about vacating discharges in order to permit debtors to enter into reaffirmation agreements. The requirements for an enforceable reaffirmation agreement are spelled out in 11 U.S.C. § 524(c), and they include (but are not limited to) making the agreement prior to discharge and filing the agreement with the Court. *See* 11 U.S.C. §§ 524(c)(1), (c)(3). Where additional time is needed to finalize a reaffirmation agreement, the Federal Rules of Bankruptcy Procedure allow the Court to delay the entry of a discharge and to extend the time for the filing of the agreement. *See* Fed. R. Bank. P. 4004(c)(2), 4008(a). Here, it appears that the Debtors and Key Bank have been diligently working on the loan modification and the related

- 2 -

reaffirmation agreement. It also appears that, but for Key Bank's transmission of the agreement to an incorrect address, the agreement may have been made prior to discharge and filed within the specified time frame. While these circumstances probably do not meet the standard under Rule 60(b), the Court will grant the motion nevertheless. In the future, the Court will apply the more exacting standard for motions seeking relief under Rule 60(b).

The order dated October 4, 2016 [Dkt. No. 11] is hereby vacated under Fed. R. Bankr. P. 9024. The deadline for the Debtors to file their reaffirmation agreement with Key Bank is extended to January 13, 2017. On January 16, 2017, the Court will issue an order granting the Debtors a discharge under 11 U.S.C. § 727.

Dated: December 13, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine